## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| Moyal Wellness Center, LLC, a Florida Limited Liability Company, | ) ) ) | **No.** |
| Plaintiff, | ) ) | **CLASS ACTION COMPLAINT** |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| Fast Fund Pros LLC, a Delaware Limited Liability Company, | ) ) ) | |
| Defendant. | ) ) | |

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Moyal Wellness Center, LLC (herein "Plaintiff"), on behalf of itself and all other similarly situated, brings this Complaint against Fast Fund Pros LLC ("Defendant") for violations of the Telephone Consumer Protection Act. Plaintiff seeks certification of its claims against Defendant as a class action.  In support thereof, Plaintiff states as follows:

### INTRODUCTION

1.      This case challenges Defendant's policy and practice of faxing unsolicited advertisements without providing an opt-out notice as required by law.

2.      Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the fast-growing expansion of the telemarking industry. As is pertinent here, the TCPA and its implementing regulations prohibit persons within the United States from sending advertisements via fax without including a detailed notice that allows recipients to expeditiously opt out of receiving future solicitations.

3.      Junk faxes disrupt recipients' peace, drain recipients' paper, ink, and toner, and cause recipients tangible damages. Junk faxes also cause recipients to waste valuable time retrieving and discerning the purpose of the faxes; prevent fax machines from receiving and sending authorized faxes; and cause undue wear and tear on recipients' fax machines. Plaintiff

offers chiropractic services and must use its fax machine to receive communications about medical patients. That purpose is impeded when Plaintiff's fax machine is invaded by junk faxes.

4.      The TCPA provides a private right of action and statutory damages of $500 per violation, which may be trebled when the violation is willing or knowing.

5.      On behalf of itself and all others similarly situated, Plaintiff brings this case under the TCPA to recover declaratory relief, damages for violations of the TCPA, and in injunction prohibiting Defendant from future TCPA violations.

6.      Plaintiff further brings this case, on behalf of itself and those Florida residents similarly situated, under Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* ("FDUTPA"), to recover declaratory relief, actual damages, injunctive relief, and attorney's fees and costs.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over Defendant since at all relevant times Defendant has transacted business within the State of Florida through its sending of facsimiles to Florida residents. Defendant further receives revenue from business it transacts in Florida.

8.      This Court has subject-matter jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331.

9.      This Court has supplemental jurisdiction over Plaintiff's FDUTPA claim pursuant to 28 U.S.C. § 1367(a).

10.     Venue in proper in this district, where a substantial part of the events giving rise to the claim occurred and where a substantial part of the property that is the subject of this action is situated.

## PARTIES

11.     Plaintiff, Moyal Wellness Center, LLC, is a clinic offering chiropractic and other health services and is located in Miami Beach, Florida.

12.     Defendant Fast Fund Pros LLC is a financial lending company, self-described as "the leading lender in business financial services."[1] According to its website, it is "the fastest growing financing company" with "[o]ver $3 Billion in Loans Approved and over $1.3 Billion dollars funded."[2]

13.     Defendant has its principal place of business in Brooklyn, New York and is organized under the laws of Delaware. Defendant may be served through its registered agent, Interstate Agent Services, LLC, at 501 Silverside Road, Suite 102, Wilmington, Delaware 19809.

## FACTS

14.     On August 19, 2019, Defendant sent an unsolicited advertisement to Plaintiff's ink-and-paper facsimile machine. A copy of this facsimile is attached hereto and marked as Exhibit A.

15.     The fax advertises the commercial availability of Defendant's financial services.

16.     Though couched as a 'funding application' in order to evade TCPA rules,' Plaintiff (at that time and presently) had no existing account nor any ongoing transaction with Defendant.

17.     Thus, the purpose of the fax was not to facilitate, complete, or confirm a commercial transaction that Plaintiff had previously agreed to enter into.

18.     Defendant did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine.

19.     Exhibit A is exemplary of the junk faxes Defendant sends.

---

[1] Fast Fund Pros Website (Homepage), https://www.fastfundpros.com/ (last accessed Jan. 17, 2020).

[2] Fast Fund Pros Website ("About Us"), https://www.fastfundpros.com/about/ (last accessed Jan. 17, 2020).

20.   Defendant's faxes do not contain opt-out notices that comply with the requirements of the TCPA.

**CLASS ALLEGATIONS**

21.   In accordance with Fed. R. Civ. P. 23, Plaintiff brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons (the "Class"):

> **All persons and entities who hold telephone numbers that received a facsimile transmission from Defendant at any time from April 6, 2016, to present (the "Class Period") that 1) promotes Defendant's goods and/or services and 2) lacks an opt-out notice.**

22.   Further, Plaintiff also seeks to certify the following sub-class of persons (the "Subclass") regarding:

> **All persons and entities, residing in the State of Florida, who hold telephone numbers that received a facsimile transmission from Defendant at any time from April 6, 2016, to present (the "Class Period") that 1) promotes Defendant's goods and/or services and 2) lacks an opt-out notice.**

23.   Plaintiff reserves the right to modify or amend the definition of the proposed Class and Sub-Class (collectively, the "Classes") before the Court determines whether certification is proper.

24.   Excluded from the Classes are Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers, directors, agents, servants, or employees of Defendant and the immediate family members of any such person. Also excluded are any judge who may preside over this case and any attorneys representing Plaintiff or the Classes.

25.     Numerosity [Fed R. Civ. P. 23(a)(1)]. The Members of the Classes are so numerous that joinder is impractical. Upon information and belief, Defendant has sent illegal fax advertisements to hundreds if not thousands of other recipients.

26.     Commonality [Fed. R. Civ. P. 23(a)(2)]. Common questions of law and fact apply to the claims of all Members of the Classes and include (but are not limited to) the following:

(a)   Whether Defendant sent faxes advertising the commercial availability of property, goods, or services;

(b)   The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other fax advertisements;

(c)   Whether Defendant faxed advertisements without first obtaining the recipient's prior express permission or invitation;

(d)   Whether Defendant's advertisements contained the opt-out notice required by law;

(e)   Whether Defendant sent the fax advertisements knowingly or willfully;

(f)   Whether Defendant violated 47 U.S.C. § 227;

(g)   Whether the Defendant's violation of the TCPA constituted an unfair practice in violation of FDUTPA;

(h)   Whether Plaintiff and the other Members of the Classes are entitled to actual and/or statutory damages;

(i)   Whether the Court should award treble damages; and

(j)   Whether Plaintiff and the other Members of the Classes are entitled to declaratory, injunctive, and/or other equitable relief.

27.     <u>Typicality [Fed. R. Civ. P. 23(a)(3)]</u>.  Plaintiff's claims are typical of the claims of all Members of the Classes. Plaintiff received an unsolicited fax advertisement from Defendant during the Class Period. Plaintiff makes the same claims that it makes for the Members of the Classes and seeks the same relief that it seeks for the Members of the Classes. Defendant has acted in the same manner toward Plaintiff and all the Members of the Classes.

28.     <u>Fair and Adequate Representation [Fed. R. Civ. P. 23(a)(4)]</u>. Plaintiff will fairly and adequately represent and protect the interests of the Classes. It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the Classes.

29.     <u>Predominance and Superiority [Fed. R. Civ. P. 23(b)(3)]</u>. For the following reasons, common questions of law and fact predominate and a class action is superior to other methods of adjudication:

(a)   Proof of Plaintiff's claims will also prove the claims of the Classes without the need for separate or individualized proceedings;

(b)   Evidence regarding defenses or any exceptions to liability that Defendant may assert will come from Defendant's records and will not require individualized or separate inquiries or proceedings;

(c)   Defendant has acted and continues to act pursuant to common policies or practices in the same or similar manner with respect to all Members of the Classes;

(d)   The amount likely to be recovered by individual Members of the Classes does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs.

(e)   This case is inherently well-suited to class treatment in that:

    (i)   Defendant identified persons or entities to receive its fax transmissions, and it is believed that Defendant's computer and business records will enable Plaintiff to readily identify class members and establish liability and damages;

    (ii)   Common proof can establish Defendant's liability and the damages owed to Plaintiff and the Classes;

    (iii)   Statutory damages are provided for in the statute and are the same for all Members of the Classes and can be calculated in the same or a similar manner;

    (iv)   A class action will result in an orderly and expeditious administration of claims, and it will foster economies of time, effort, and expense;

    (v)   A class action will contribute to uniformity of decisions concerning Defendant's practices; and

    (vi)   As a practical matter, the claims of the Classes are likely to go unaddressed absent class certification.

## CLAIMS FOR RELIEF

30.   Based on the foregoing allegations, Plaintiff's claims for relief include the following:

### COUNT I
**Violations of the Telephone Consumer Protection Act**
*47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)*
(On behalf of Plaintiff and the Classes)

31.   Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

32.     The TCPA provides strict liability for sending fax advertisements in a manner that does not comply with the statute. Recipients of fax advertisements have a private right of action to seek an injunction or damages for violations of the TCPA and its implementing regulations. 47 U.S.C. § 227(b)(3).

33.     The TCPA makes it unlawful to send any "unsolicited advertisement" via fax unless certain conditions are present. 47 U.S.C. § 227(b)(1)(C). "Unsolicited advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise."  47 U.S.C. § 227(a)(5).

34.     The provision of financial services is considered property, goods, and or services under the TCPA.

35.     Unsolicited faxes are illegal if the sender and recipient do not have an "established business relationship." 47 U.S.C. § 227(b)(1)(C)(i). "Established business relationship" is defined as "a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party." 47 U.S.C. § 227(a)(2); 47 C.F.R. § 64.1200(f)(6).

36.     Regardless of whether the sender and recipient have an established business relationship, and regardless of whether the fax is unsolicited, a faxed advertisement is illegal unless it includes an opt-out notice on its first page that complies with the TCPA's requirements. *See* 47 U.S.C. § 227(b)(1)(C)(iii); 47 C.F.R. § 64.1200(a)(4)(iv). To comply with the law, an opt-out

notice must (1) inform the recipient that the recipient may opt out of receiving future faxes by contacting the sender; (2) provide both a domestic telephone number and a facsimile machine number—one of which must be cost-free—that the recipient may contact to opt out of future faxes; and (3) inform the recipient that the sender's failure to comply with an opt-out request within thirty days is a violation of law. *See* 47 U.S.C. § 227(b)(2)(D); 47 CFR § 64.1200(a)(4)(iii).

37.     Defendant willfully and/or knowingly faxed unsolicited advertisements to Plaintiff that did not have compliant opt-out notices, in violation of 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

38.     Upon reasonable belief, Defendant knew such conduct violated the TCPA.

39.     Defendant knew or should have known (a) that Plaintiff had not given express invitation or permission for Defendant to fax advertisements about its financial services; (b) that Defendant's faxes did not contain a compliant opt-out notice; and (c) that Exhibit A is an advertisement.

40.     Defendant's actions caused damage to Plaintiff and the Class Members. Defendant's junk faxes caused Plaintiff and the Class Members to lose paper, toner, and ink consumed in the printing of Defendant's faxes through Plaintiff's and the Class Members' fax machines. Defendant's faxes cost Plaintiff and the Class Members time that otherwise would have been spent on Plaintiff's and the Class Members' business or personal activities.

41.     In addition to statutory damages (and the trebling thereof), Plaintiff and the Class are entitled to declaratory and injunctive relief under the TCPA.

<u>**COUNT II**</u>
**Violations of the Florida Deceptive and Unfair Trade Practices Act**
*Fla. Stat. § 501.201, et seq.*
(On behalf of Plaintiff and the Sub-Class)

42.     Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

43.     Plaintiff and the Members of the Sub-Class are "consumers" within the meaning of Fla. Stat. § 501.203(7).

44.     Defendant is a "person" or "entity" as used in FDUTPA.

45.     Pursuant to FDUTPA, unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.

46.     FDUTPA's 'unfair prong' is also violated by a violation of "[a]ny law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices." Fla. Stat. 501.203(3)(c). Thus FDUTPA's 'unfair prong' is violated by a violation of the Telephone *Consumer* Protection Act.

47.     Within four years prior to the filing of this complaint and continuing to the present, Defendant violated FDUTPA by engaging in unfair practices against Plaintiff and the Sub-Class.

48.     Defendant was engaging in "trade or commerce" within the meaning of Fla. Stat. § 501.203(8).

49.     The practices described herein also offend established public policy regarding the protection of the consuming public and legitimate business enterprises against companies, like Defendant, who engage in unfair methods of competition.

50.     Defendant's conduct, which caused substantial injury to Plaintiff and the Sub-Class could have been avoided, and is not outweighed by countervailing benefits to any consumers or competition.

51.     Defendant's business acts and practices are also unfair because they have caused harm and injury-in-fact to Plaintiff and Sub-Class Members.

52.     In addition to actual damages, Plaintiff and the Sub-Class are entitled to declaratory and injunctive relief, as well as reasonable attorney's fees and costs pursuant to Fla. Stat. § 501.201, *et seq.*

## REQUEST FOR RELIEF

WHEREFORE Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

a)  determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure;

b)  declare Defendant's conduct to be unlawful under the TCPA and/or FDUTPA;

c)  award damages under the TCPA for each violation in the amount of actual monetary loss or $500, whichever is greater, and treble those damages;

d)  award actual damages under FDUTPA;

e)  enjoin Defendant from additional violations;

f)  an award attorney's fees and costs pursuant to FDUTPA;

g)  grant such other legal and equitable relief as the Court may deem appropriate, including costs and attorney's fees.

## JURY DEMAND

Plaintiff and the Members of the Classes hereby request a trial by jury.

April 6, 2020                                        Respectfully submitted,

                                        s/ *Daniel Tropin*
                                        Daniel Tropin FBN 100424
                                        **KOPELOWITZ OSTROW**
                                        **FERGUSON WEISELBERG GILBERT**

11

One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone: 954-525-4100
tropin@kolawyers.com
Facsimile: 954-525-4300

*and*

**CASEY LAW FIRM, LLC**
M. Ryan Casey, Esq. (*pro hac* forthcoming)
ryan@rcaseylaw.com.com
20 NE Thompson Street
Portland, OR 97212
Tel: (503) 928-7611
Fax: (503) 345-7470

*Attorneys for Plaintiff and the Classes*